Josefa Mojica, Plaintiff and Appellant, *v.* María González, Defendant and Appellee.

No. 6707. Argued November 9, 1934.—Decided December 7, 1934.

*Luis Muñoz Morales* for appellant. *Angel A. Vázquez* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

In a suit of unlawful detainer prosecuted by the plaintiff Josefa Mojica against the defendant María González before

the District Court of San Juan, judgment was rendered for the plaintiff ordering the ouster from the following property:

"Property located at the Seboruco, Santurce, in the northern part of this municipal division, consisting of 292 meters 50 centimeters, abutting on the north with Josefina Cortijo, South with Borinquen Avenue, on the east with Carlos Cortijo and on the west with the properties of Zona, and bears the number 92 in the plan of segregation. It encloses a wooden house, roofed with zinc, that measures 17 ft. in front by 33 feet in depth."

As alleged by the plaintiff, this house was reconstructed in that same lot, which is number 92, and it was subdivided into two contiguous bodies, one of cement in front, and another one, the old wooden one, in back.

After the order to execute the judgment was issued, the marshal wrote, on January 7, 1933, the return we copy *infra:*

"That in discharge of the instant writ issued by this District Court of San Juan, I started out to serve it and did serve it in this city of San Juan, Ward of Santurce, the tenth day of December, 1932, personally warning defendant María González, that in the term of twenty days she must leave the house and lot described in this writ, warning her that should she fail to do so the marshal would proceed to oust her by force; that upon the day stated, that is on December 30, 1932, the defendant María González through her attorney Angel M. Vázquez delivered to the undersigned marshal the key to the house that she was occupying and that is described in this writ.

"It is further stated that there exists also in the property described a cement house that at the time of the notification to defendant González, was being occupied by a club of the Socialist Party. The President thereof was Juan Pabón and the Secretary Pérez Arguinzony, who were notified of the order of the court, that they would deal in the future with the new owner of the property, Mrs. Mojica. Matters thus, defendant María González upon leaving the wooden house moved to the cement one alleging that this property is not within the property in question, and has remained there to the present."

The plaintiff requested a new writ of execution to oust defendant María González from the cement house occupied

by the club of the Socialist Party. After hearing the parties, the lower court dismissed the motion filed by the plaintiff, where he had also requested the court to punish the defendant for contempt.

It is alleged that the lower court erred in refusing to make the ocular inspection requested by the appellant and in dismissing the motion to execute the judgment of ouster in this case. It is further alleged that the trial court weighed the evidence improperly, and erroneously held that the portion of the house occupied by María González is no part of the property object of the action and of the judgment of ouster, and that it also erred in holding that the Socialist club should also have been made a party to this incident and that nothing has been requested against this entity.

According to the evidence introduced the house is presently made of wood and concrete and subdivided in two parts, the one in front of concrete, and the one in back of wood. The lot is numbered as 92 in the map for the layout of the town. When the new writ of execution was served the concrete part of the house was being occupied by the Socialist Club, whose President and Secretary were notified that from then on they should deal with Mrs. Mojica.

The plaintiff, in her motion praying for a new writ of execution of the judgment, states that the portion of the house occupied by the defendant is the same as that occupied by the Club of the Socialist Party *which is still there* (the italics are ours), and that said defendant, against the will of the directors of said club, entered by force into one of the rooms where she installed her furniture and where she still remains in spite of the objections of said directors. The plaintiff offered in evidence the testimony of Cruz Pérez Arguinzony who, on December 11, 1932, testified that he was the Secretary of the Club of the Socialist Party located in Borinquen Avenue in the ward of Seboruco; that said Socialist Club had rented sometime ago from María González a part of the house that said lady occupied in Borinquen

Avenue in the ward Seboruco of Santurce; that in the first days of December, 1932, the marshal of the District Court of San Juan notified this witness in his office of Secretary of the said Club, of an order of said court that he should refrain from paying the rent to María González, and that he so did.

The President of the Socialist Club, J. E. Pabón, testified that on December 20, 1932, he received a letter from María González requesting part of the cement house that she had leased to said Club that she might live there; that she would reduce the rent; and that the directors of the Socialist Club passed a resolution aggreeing to look for another house and to provide Mrs. González with the portion she requested while they found a new house for the Club; that with the authority of the Board of Directors, Mrs. González moved on December 30, 1932, from the wooden house that she occupied to the cement part of the house occupied by the Socialist Club, with full knowledge and consent of its President, and that Mrs. González still lives there. This testimony was given on January 16, 1933.

The conclusions of the lower court that the appellant considers erroneous and that constitute the grounds of this appeal read thus:

"From the evidence introduced it appears that María González moved to the part of the house occupied by the Socialist Club on December 30, 1932, after securing the consent of the Board of directors, and that the wooden part of the house is empty.

"From the evidence it also appears that there is a suit before this court prosecuted by María González against Josefa Mojica, as heir of Antonio Sánchez Mojica, to determine who has a better right to the property that was the object of the unlawful detainer and that, even though at the time of the hearing of the mot'on of the plaintiff praying the additional writ for the execution of the judgment, said suit was not as yet decided—we have it now before us because it was offered in evidence—and it so happens that by the judgment of January 23, 1933, it was held that María González was

the only owner of the property and the cancellation of the record in the name of Antonio Sánchez and his heir Josefa Mojica was ordered.

"Under the circumstances of the case, and on the ground was ordered that defendant María González occupies the cement part of the house with the permission of the directors of the Socialist Club, which entity is in possession of it under a lease, and since that entity is not a party to this suit, and as nothing has been requested against the same, the motion concerning the execut on of the judgment and contempt of January 11, 1933, is hereby Denied."

We do not think that the lower court erred in dismissing the motion of the plaintiff wherein she prays the ouster of the defendant while she still permits the Socialist Club to remain in the house, with the consent of which the defendant remains therein. The lower court correctly weighing the evidence found that María González moved to the part of the house she occupies with the permission of the directors of the Socialist Club. The plaintiff herself admits in her motion that on the date when the new writ of execution was requested said club still occupied the aforesaid house. The marshal notified the President and the Secretary of said entity that thereafter they would deal with the new owner of the property, Mrs. Mojica, and the Secretary of the club, a witness of the plaintiff, admits that said officer notified him that he should refrain from paying the rent to María González, and that he complied with it. The plaintiff did nothing to oust from the house the entity that occupied it. On the contrary, from her conduct one may infer that she allowed said entity to continue in the occupation of the house, since there appears no objection on her part to the words of the marshal, who executed the judgment at the plaintiff's request notifying the directors of the club that from then on they should deal with the new owner of the property.

After setting forth these conclusions it is unnecessary to say that there was no error in refusing the ocular inspection requested by the plaintiff for said ocular investigation is manifestly superfluous.

The judgment appealed from should be affirmed.